UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAQUILLE ROBINSON,

                Plaintiff,

-against-

THE CITY OF NEW YORK; DETECTIVE SHANTAI VASQUEZ, Shield # 933446, 28 PDU of Manhattan; DETECTIVE ANGEL RODRIGUEZ, Shield # 929568, 28 PDU of Manhattan; DETECTIVE EATSON DAVIS, Shield # 879529, 28 PDU of Manhattan; DR. JELENA KRCEDINAR, The Office of Chief Medical Examiners; PARAMEDIC DANNY WONG, Mount Sinai Hospital – EMS; PARAMEDIC FERNANDO CORREA, Mount Sinai Hospital – EMS; A.D.A. KRISTEN BARAIOLA, District Attorney Office of New York; THE OFFICE OF CHIEF MEDICAL EXAMINERS; 28 PDU OF MANHATTAN; MOUNT SINAI EMS; DISTRICT ATTORNEY OFFICE OF NEW YORK,

                Defendants.

23-CV-2458 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently detained at the Otis Bantum Correctional Center on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants are violating his constitutional rights. By order dated March 28, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court dismisses this action for the reasons set forth below

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at

555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings his claims using the court's general complaint form. He checks boxes to indicate that the legal bases for his claim are "violation of [his] federal constitutional rights" and "due process" and that he is a pretrial detainee. (ECF No. 1 at 3.) He states that his claims occurred at the Douglas County Jail in Douglasville, Georgia, on September 18, 2021, (*id.* at 7), which appears to be the date that Plaintiff was taken into custody in Georgia, where he was residing, and arrested for recklessly causing the death of his father in New York, New York, following an "argument . . . about not paying the decedent rent [which then] became physical," (*Id.* at 20.) Plaintiff signed an extradition waiver (*id.* at 9) and, on or about September 29, 2021, he was brought to New York and placed in the custody of the New York City Department of Correction. Plaintiff was subsequently indicted on charges of manslaughter in the second degree, strangulation in the first degree, and assault with intent to cause physical injury. (*Id.* at 14.) Plaintiff's criminal charges are pending, and the next scheduled court date is November 2, 2023.[2]

Plaintiff claims that "[t]he [C]ity of New York and its subsidiaries violated [his] constitutional rights of due process under article 42 USC 1983 by the [First, Fifth, and Fourteenth] amendments."[3] (*Id.* at 8.) He brings this action against NYPD detectives Shantai Vasquez, Angel Rodriguez, and Easton Davis; Jelena Krcedinac, a medical examiner; Assistant District Attorney

---

[2] *See* https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch [https://perma.cc/Q6YQ-KSA6].

[3] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless indicated otherwise.

Kristen Baraiola; paramedics Danny Wong and Fernando Correa; the City of New York; the Office of Chief Medical Examiners; the 28th Precinct of the New York Police Department,[4] located in Manhattan; Mount Sinai EMS; and the District Attorney Office of New York. Plaintiff alleges that these Defendants conspired to "provid[e] fra[u]dulent documentation, inconsistent time stamps, . . . and death certificates," resulting in "malpractice . . . and inconsistent [and contradictory] witness testimony." (*Id.* at 7).

Plaintiff brings this action seeking to have the Court "dismiss the indictment with prejudice" due to "malicious prosecution . . . and [medical] malpractice" on behalf of his father, the decedent. (*Id.* at 12.) Plaintiff also seeks monetary damages in the amount of "[ten] million dollars for the duress, . . . mental anguish, pain and suffering while incarcerated, los[s] of liberty since 9/18/2021, los[s] of wages and def[a]mation of character." (*Id.*)

## DISCUSSION

**A.    Ongoing Proceedings**

Plaintiff challenges his ongoing proceedings, under indictment number 2334-21, pending in the New York Supreme Criminal Court. To the extent that Plaintiff, in seeking injunctive relief, asks the Court to intervene in his pending state-court criminal proceeding, the Court must dismiss those claims. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Heicklen v. Morgenthau*, 378 F. App'x 1, 2 (2d Cir. 2010) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973)). Federal courts generally abstain from intervening in state

---

[4] Plaintiff wrote "28th PDU of Manhattan 2271-89 8th Avenue, New York, NY 10027" (ECF No. 1 at 6), which the Court understands is the 28th Precinct of the New York Police Department. *See* https://www.nyc.gov/site/nypd/bureaus/patrol/precincts/28th-precinct.page [https://perma.cc/W2MX-6KCF].

4

criminal proceedings "'under the principle known as comity [because] a federal district court has no power to intervene in the internal procedures of the state courts.'" *Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006) (quoting *Wallace v. Kern*, 481 F.2d 621, 622 (2d Cir. 1973)).

Plaintiff, who has been detained in New York since September 29, 2021, does not allege any facts suggesting bad faith, harassment, or irreparable injury. Rather, he simply disagrees with the trial court's decisions in his criminal proceedings. The Court therefore may not intervene in that proceeding and dismisses those claims for injunctive relief.

B.   **Claims against the City of New York, the 28th Precinct of the New York Police Department, and the Office of the Chief Medical Examiner of the City of New York**

Plaintiff's claims against the 28th Precinct of the New York Police Department and the Office of the Chief Medical Examiner must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Plaintiff's claims against the City of New York must also be dismissed. When a plaintiff sues the City of New York under Section 1983, it is not enough for the plaintiff to allege that one of the City of New York's employees or agents engaged in some wrongdoing. The plaintiff must show that the City of New York itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*,

436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In other words, to state a claim against the City of New York under Section 1983, the plaintiff must allege facts showing (1) the existence of a City of New York policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff's allegations do not suggest that a policy, custom, or practice of the City of New York caused a violation of his federal constitutional rights. The Court therefore also dismisses Plaintiff's clams against the City of New York for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C.  **Persons Under Section 1983**

Plaintiff's claims against Mount Sinai EMS must also be dismissed. Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. Mount Sinai EMS is not a "person" within the meaning of Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of Section 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Sup. Ct.*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of 42 U.S.C. § 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of Section 1983). Therefore, Plaintiff's claim Mount Sinai EMS must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

6

**D.     Prosecutorial Immunity**

Plaintiff's claims against the District Attorney's Office of New York and A.D.A. Kristen Baraiola must be dismissed. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*, 555 U.S. at 344)).

To the extent that Plaintiff's claims against these Defendants are based on actions within the scope of Defendants' official duties, these claims are subject to dismissal because they seek monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**E.     Conspiracy Claim**

Plaintiff's claims against Dr. Jelena Krcedinar, Paramedic Danny Wong, and Paramedic Fernando Correa must be dismissed. Section 1985 prohibits conspiracies to deprive "any person or

7

class of person of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). To state a claim under Section 1985, a plaintiff must allege facts suggesting (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States. *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007).

Furthermore, the conspiracy must be motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus." *Palmieri v. Lynch*, 392 F.3d 73, 86 (2d Cir. 2004) (quotation omitted). The term class "connotes something more than a group of individuals who share a desire to engage in conduct" or who have been subjected to conduct engaged in by a defendant. *See Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015).

Claims under Section 1985 must be alleged "with at least some degree of particularity" and must include facts showing that the "overt acts which defendants engaged in . . . were reasonably related to the promotion of the claimed conspiracy." *Hernandez v. Goord*, 312 F. Supp. 2d 537, 546 (S.D.N.Y. 2004).

Plaintiff does not allege facts supporting the existence of an actual agreement between these Defendants or factual details concerning the inception or operation of any conspiracy that was motivated by racial or class-based animus against him. Nor does he allege that any action was taken against him because of his race or other class-based factor recognized under Section 1985. Indeed, Plaintiff does not suggest that Defendants singled him out because of his race or his membership in a protected class.

Because Plaintiff does not allege any facts suggesting that Defendants conspired to deny him the equal protection of the law, the Court finds that his allegations are conclusory and,

8

accordingly, fail to state a conspiracy claim. *See Gallop v. Cheny*, 642 F.3d 364, 369 (2d Cir. 2011) (Plaintiff's allegations of conspiracy were 'baseless" where plaintiff "offer[ed] not a single fact to corroborate her allegation of a 'meeting of the minds' among the coconspirators"); *Cambriello*, 292 F.3d 307, 325 (2d Cir. 2002) ("[C]omplaints containing only conclusory, vague, or general allegations that defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed." (internal quotation marks omitted)); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (dismissed in part because claims were "unsupported, speculative, and conclusory" (internal quotation marks omitted)). *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### F.     Claims against NYPD Detectives

Because Plaintiff names as Defendants NYPD Detectives Shantai Vasquez, Angel Rodriguez, and Easton Davis, and alleges that their "misconduct led to [his] apprehension due to their unthorough investigation," (ECF No. 1 at 8), the Court considers whether Plaintiff can state a claim for false arrest against these NYPD Detectives.

A claim for false arrest under Section 1983 looks to state law as a starting point to determine the elements of a claim for false arrest. *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 378 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than to control the definition of Section 1983 claims and courts should not "mechanically apply" the law of New York State); *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003).

To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise

9

privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest." (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks omitted)).

If "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest," the arrest is privileged, and the plaintiff cannot state a claim for false arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest"). Put another way, police officers may have had probable cause to arrest if they have acted reasonably, even if they were mistaken.

Plaintiff's complaint does not allege facts showing that officers lacked probable cause to arrest him. If anything, Plaintiff's attachments to his complaint, which include a witness statement that places Plaintiff at the scene and includes an admission from Plaintiff that he was at the scene and hit his father, suggest that there was probable cause for Plaintiff's arrest, and the Court therefore dismisses Plaintiff's false arrest claim for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### G.     Leave to amend denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

### CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   November 20, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge